Margaret C. Bell (SBN: 156879)
mbell@lbbklaw.com
Danté R. Taylor (SBN: 303391)
dtaylor@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
180 Montgomery Street, Suite 2190
San Francisco, CA 94104
Telephone:  (628) 222-5870
Facsimile:  (628) 222-5872

Attorneys for Defendant
TANIUM INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOWARD,<br><br>　　　　Plaintiff(s),<br><br>　vs.<br><br>TANIUM INC.,<br><br>　　　　Defendant(s). | Case No. 3:21-cv-9703<br><br>**DEFENDANT TANIUM INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>State Action Filed: November 15, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

　　　PLEASE TAKE NOTICE that Defendant Tanium Inc. hereby invokes this Court's jurisdiction under 28 U.S.C. sections 1332 and 1441(b) and removes Case No. 21-CIV-06146 from the Superior Court of the State of California, County of San Mateo.

**PLEADINGS AND PROCEEDINGS TO DATE**

　　　1.　　On November 15, 2021, Plaintiff Daniel Howard (Plaintiff) filed a Complaint against Defendant Tanium Inc. (Tanium) in San Mateo County Superior Court. The Complaint is captioned *Daniel Howard v. Tanium Inc.*, Case No. 21-CIV-06146. The Complaint alleges one cause of action for fraud-intentional misrepresentation. (Declaration of Danté R. Taylor "Taylor Decl." ¶ 2; Exhibit A.)

2.   On November 16, 2021, Tanium received service of process of the Complaint. (Taylor Decl. ¶ 2.)

3.   On December 6, 2021, Tanium received service of process of the Complaint with the state court's associated notice of assignment documentation. (Taylor Decl. ¶ 3; Exhibit B.)

4.   Tanium is the only named defendant in the state court action, and as such, no other parties need to be joined.

## DIVERSITY JURISDICTION EXISTS

5.   This Court has diversity jurisdiction over this action under 28 U.S.C. section 1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Pursuant to 28 U.S.C. section 1441, Tanium may remove this action to federal court because it is a civil action brought in state court, in which the federal court has original jurisdiction. Removal is therefore appropriate under diversity jurisdiction.

6.   Plaintiff is, and at all times relevant to his Complaint, has been a resident and citizen of the State of California. (Exhibit A.)

7.   For purposes of establishing diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." (28 U.S.C. § 1332(c)(1).) Tanium is, and was at the time the Complaint was filed in state court, incorporated in the state of Delaware, with its principal place of business in the state of Washington. (Taylor Decl. ¶ 4; Exhibits C and D.) Tanium is, and at all relevant times was, a citizen of the states of Delaware and Washington for purposes of determining diversity jurisdiction. Complete diversity of citizenship existed between Plaintiff and Tanium at the time Plaintiff filed his Complaint and continues to exist now at the time of removal.

8.   Pursuant to 28 U.S.C. section 1332 (a), a federal court has diversity jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs. A defendant need only show that it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. (*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404.) The removing defendant can satisfy the amount in controversy

1  requirement by showing that "facially apparent" allegations in the complaint demonstrate the
2  amount in controversy. (*Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298.)
3      9.    Plaintiff's Complaint expressly states he seeks damages totaling $1 million,
4  exclusive of interest. (Exhibit A.) The Complaint specifically alleges Tanium offered Plaintiff
5  30,000 shares of Tanium stock valued at $5 per share, or $150,000, but that Plaintiff allegedly
6  later learned the shares were only valued at $2.01 per share, or $60,300, which is $89,700 less
7  than Tanium allegedly represented to Plaintiff. (Exhibit A.) Plaintiff's Complaint also alleges
8  that between 2016 and 2020, Plaintiff earned $1 million less in overall compensation at Tanium
9  than he would have earned had he continued employment with his former employer. (Exhibit A.)
10 The Complaint's allegations clearly demonstrate that the amount in controversy far exceeds the
11 jurisdictional minimum of $75,000. The amount in controversy requirement is satisfied.
12     10.    Accordingly, Tanium has established both requirements for diversity jurisdiction.
13 This Court should, therefore, retain jurisdiction over this action.

**TIMELINESS OF REMOVAL**

15     11.    This Notice of Removal is timely because it is filed within thirty (30) days after
16 Tanium was served with the Complaint. (28 U.S.C. § 1446(b)(1).) The removal period is
17 triggered by service of the complaint, not "receipt" alone. (*Murphy Bros., Inc. v. Michetti Pipe
18 Stringing, Inc.* (1999) 526 US 344, 354.) When service is effective is determined by state law.
19 (*City of Clarksdale v. BellSouth Telecommunications, Inc.* (5th Cir. 2005) 428 F3d 206, 210.)
20     12.    Service of the summons and Complaint were served on Tanium on November 16,
21 2021. Tanium has until December 16, 2021 to remove this action. Therefore, this Notice of
22 Removal is timely.

**VENUE**

24     13.    Venue properly lies in the United States District Court for the Northern District of
25 California pursuant to 28 U.S.C. § 1441(a) which provides:
26     [A]ny civil action brought in a State court of which the district courts of the
27     United States have original jurisdiction, may be removed by the defendant or
28     defendants, to the district court of the United States for the district and division

LAGASSE BRANCH BELL + KINKEAD LLP
180 Montgomery Street, Suite 2190
San Francisco, CA 94104

embracing the place where such action is pending.

14.     Plaintiff filed this action in San Mateo County Superior Court. The United Sates District Court for the Northern District of California encompasses this territory. (28 U.S.C. § 84(a).) Therefore, venue is proper in this Court.

**NOTICE WILL BE PROVIDED TO PLAINTIFF AND THE STATE COURT**

15.     In accordance with 28 U.S.C. section 1446(d) Tanium's counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff and filed with the clerk of the San Mateo County Superior Court.

**CONCLUSION**

WHEREFORE, based on the foregoing, Tanium gives notice that it has removed this action from the San Mateo County Superior Court to this Court.

Date: December 15, 2021

LAGASSE BRANCH BELL + KINKEAD LLP

By: _____
Margaret C. Bell, Esq.
Danté R. Taylor, Esq.
Attorneys for Defendant
TANIUM INC.