UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

**CIVIL STANDING ORDER FOR
MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY**
(Revised June 28, 2021)

**\*\*Chamber copies are not required unless specifically requested by the Court\*\***

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov.  The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

### CALENDAR DATES

Civil motions are heard on Thursday at 9:00 a.m.  During the months when Judge Corley is on criminal duty, the Court may move any Thursday 9:00 a.m. motions to Thursday afternoon.  Generally, civil motion hearings will be heard by videoconference, although the parties can submit a written request to have the hearing in person.  The Court may also notify the parties that an in person hearing is required and will provide at least 14 days' notice if it does so.

Civil case management and status conferences are heard on Thursdays at 1:30 p.m.  These shall all be conducted via videoconference.

Pretrial conferences are at 2:00 p.m.  As with civil motion hearings, these will generally be heard via videoconference, although a party may request in writing that it occur in person and the Court may require in person attendance with advance notice.

### SCHEDULING

Parties should notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the Court's availability at http://www.cand.uscourts.gov. For scheduling questions, please contact Judge Corley's Courtroom Deputy, Ada Means at (415) 522-2015 or jsccrd@cand.uscourts.gov.

### CONSENT CASES

In civil cases that are randomly assigned to Judge Corley for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.  If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion.

In no event shall the consent or declination be filed later than the deadlines specified in Civil Local Rule 73-1(a)(1) and (2).

**INVITATION TO SELF-IDENTIFY PRONOUNS AND HONORIFICS**

If they so choose, litigants and lawyers may indicate their pronouns (e.g., she/her, he/him, they/their) and honorifics (e.g., Mr., Ms., Mx., Dr.) by adding the information in the name block or signature line of the pleadings.

**CHAMBERS COPIES**

While the requirement of chambers copies has been suspended, the Court may request that a party provide chambers copies for particularly voluminous filings.  If the Court does so, the chambers copies should be double-sided (when possible), three-hole punched along the left side of the page, and should bear the ECF filing "stamp" (case number, docket number, date, and ECF page number) along the top of the page.  All exhibits shall be clearly delineated with labels along the right side.  If the filing includes exhibits over two-inches thick, the parties shall place the chambers copy in a binder. The chambers copies shall be marked "Chambers Copy" and submitted to the Clerk's Office, in an envelope marked with "Magistrate Judge Corley," the case number, and "Chambers Copy."

**CIVIL CASE MANAGEMENT**

No later than seven (7) days before the initial case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's general standing order for civil cases entitled "Contents of Joint Case Management Statement," a copy of which is attached hereto.

Parties may not continue a case management, status, or pretrial conference without Court approval. Each party shall be represented in person at the Case Management Conference by counsel (or a party if in pro se), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's general standing order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.

The Court strongly encourages parties to permit less experienced attorneys to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial.  The Court is amendable to permitting a number of attorneys to argue for one party at a motion hearing or case management conference if this creates an opportunity for such attorneys to participate.

All hearings, case management, status and pretrial conferences are audio recorded; court reporters are usually not provided.  Parties may request a copy of either the audio recording

(on CD) or a transcription of the audio recording or the court reporter's transcript if applicable by following the procedures set forth at http://cand.uscourts.gov/transcripts.

**Amended Pleadings**

If a party files an amended pleading, they shall concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading.

**Documents filed on ECF**

All exhibits to motions and/or discovery disputes should be separately filed on ECF (For example, if the motion is Docket No. 30, and the declaration with 10 exhibits is Docket No. 31, Exhibit A would be filed as Docket No. 31-1, Exhibit B would be Docket No. 31-2, and so on).  All exhibits shall also be filed in a searchable OCR format where possible.

**Motions to File Under Seal**

Parties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents for which good cause exists for filing under seal.  If a party wishes to file a document under seal, that party shall first file an administrative motion to seal in accordance with Local Rule 79-5.

If parties are asked to provide chambers copies of documents filed under seal, the chambers copies with confidential materials will be handled like all other chambers copies of materials without special restriction, and will typically be recycled, not shredded.  **If the parties wish to dispose of documents filed under seal in some other way, they must expressly indicate as much in their sealing motion and make arrangements to pick up the documents upon disposition of the motion.**

## CIVIL DISCOVERY

Parties should be mindful of the December 1, 2015 amendments to the Federal Rules of Civil Procedure, and in particular, the directive in Rule 1 that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding", and the proportionality requirements for discovery under Rule 26(b)(1).

Discovery disputes referred from a district court judge and those which occur in cases which are assigned to Judge Corley for all purposes through consent of the parties shall follow the same procedures as set forth below:

Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Corley, the parties must first meet and confer. That is, counsel for each party shall meet and confer in person or via videoconference, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls or facsimile transmissions does not satisfy the meet and confer requirement.

If the parties are unable to resolve their dispute informally after a good faith effort, **including meet and confer efforts conducted by lead counsel**, the parties have two options:

1) If the dispute is straightforward, or the parties believe some initial informal guidance from the Court may help the parties resolve their dispute without the need for briefing, the parties may contact Judge Corley's Courtroom Deputy, Ada Means at (415) 522-2015 to arrange a telephonic conference with Judge Corley

2) For more complex disputes, the parties shall prepare a joint statement of not more than five pages (12-point or greater font) stating the nature and status of the dispute and attesting to their good faith meet and confer efforts. Issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before addressing the next issue. It is preferable that the parties file a separate letter for each dispute. Where necessary, the parties may submit supporting declarations and documentation of up to 12 pages. Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.

   The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages (12-point font or greater).

   The joint statement or individual statements shall be e-filed (unless the case is exempt from e-filing requirements) and chambers copies submitted as required herein. Whether joint or individual, the statement must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief."

   Upon review of the parties' submission[s], the Court will advise the parties of how the Court intends to proceed. The Court may issue a ruling or schedule a videoconference with the parties, and at such conference may issue rulings, order more formal briefing, or set further hearing dates. The Court may also order the parties to come to the courthouse to meet and confer in good faith.

//
//
//
//
//
//
//

**Protective Orders**

If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at http://cand.uscourts.gov/stipprotectorder).  If the parties' proposed protective offer differs materially from the model protective order, the parties shall file a statement explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order.

**Privilege Logs**

If a party withholds material as privileged, *see* Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date.  Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; and (f) the specific privilege and a brief summary of any supporting facts.  Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

**Depositions**

Notice of depositions must be given at least 30 days prior to the close of fact discovery.

**UNREPRESENTED (PRO SE) PARTIES**

Parties representing themselves should visit the link titled "Representing Yourself" on the Court's homepage, www.cand.uscourts.gov.  The link discusses the Court's "Legal Help Center" which provides free assistance at the San Francisco, Oakland, and San Jose courthouses for unrepresented parties.  Parties may visit the Legal Help Centers at the San Francisco and Oakland courthouses or call (415)-782-8982 to make an appointment.  Parties can make an appointment to visit the San Jose Legal Help Center by calling 408-297-1480.

IT IS SO ORDERED.

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

Margaret C. Bell (SBN: 156879)
mbell@lbbklaw.com
Danté R. Taylor (SBN: 303391)
dtaylor@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
180 Montgomery Street, Suite 2190
San Francisco, CA 94104
Telephone:  (628) 222-5870
Facsimile:  (628) 222-5872

Attorneys for Defendant
TANIUM INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOWARD,<br><br>            Plaintiff(s),<br><br>vs.<br><br>TANIM INC.,<br><br>            Defendant(s). | Case No.: 3:21-cv-09703-JSC<br><br>**CERTIFICATE OF SERVICE**<br><br>State Action Filed Filed:     11/15/21 |

I, the undersigned, declare and state as follows:

I am a citizen of the United States and employed in San Diego, County, California. I am over the age of eighteen years and not a party to the within action. My business address is 180 Montgomery Street, Suite 2190, San Francisco, CA 94104.

On **December 29, 2021**, I caused to be served the following document(s):

- **JUDGE'S STANDING ORDERS**

( X )   BY CM/ECF: The document was electronically served on the parties to this action listed below via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

(   )   BY ELECTRONIC SERVICE  by electronically mailing a true and correct copy through Lagasse Branch + Bell LLP's electronic mail system to the e-mail address(es) set forth above, or as stated on the below service list.

1  ( )  BY OVERNIGHT DELIVERY: I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing GSO overnight delivery pursuant to Federal Rules of Civil Procedure Rule 5, addressed as follows:

( )  BY MAIL.  I am familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business pursuant to Code of Civil Procedure §1013a.

> Daniel Howard
> 464 Clinton Street, Apt. 305
> Redwood City, CA 94062
> T: (650) 542-1395
> danielhoward@berkeley.edu

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 29, 2021, at San Francisco, California.

*Jocelyn Valencia*
Jocelyn Valencia

CERTIFICATE OF SERVICE                                CASE NO.: 3:21-cv-09703-JSC.