United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL HOWARD,

Plaintiff,

v.

TANIUM, INC.,

Defendant.

Case No. 21-cv-09703-JSC

**ORDER RE: MOTION TO STRIKE ANSWER AND MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Re: Dkt. Nos. 11, 12

Daniel Howard, who is representing himself, filed this action in the San Mateo County Superior Court alleging fraud-intentional misrepresentation by his former employer Tanium, Inc. (Dkt. No. 1-2.) Plaintiff alleges that Tanium misrepresented the value of its stock for purposes of the compensation package that he received as part of his job offer and that he did not discover the false representation for over 18 months. Tanium removed the action to this Court based on diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, and filed its answer to Plaintiff's complaint. (Dkt. No. 1.) Plaintiff thereafter moved to strike the answer, and a week later, Tanium filed a motion for leave to file an amended answer.[1] (Dkt. Nos. 11, 12.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 3 and 10, 2022 hearings, and GRANTS IN PART and DENIES IN PART Tanium's motion for leave to file an amended answer, and DENIES Plaintiff's motion to strike as moot.

//

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 6, 8.)

United States District Court
Northern District of California

**DISCUSSION**

Plaintiff moves to strike the 19 affirmative defenses pled in Tanium's answer as boilerplate and failing to provide sufficient factual basis for the defenses. (Dkt. No. 11.) In response to the motion, Tanium filed a motion for leave to file an amended answer which withdraws 11 of the affirmative defenses and adds factual allegations in support of the remaining 8 affirmative defenses. (Dkt. No. 12.) Plaintiff has not responded to Tanium's motion for leave to file an amended answer and the time to do so has run, *see* Civ. L.R. 7-3(a); however, in his reply to the motion to strike, Plaintiff insists that the Court should "carefully consider[] and condition[]" leave to amend.[2] (Dkt. No. 14 at 1.[3]) Given the liberal amendment standards and in the interests of efficiency, the Court's analysis begins with Tanium's motion to amend and considers Plaintiff's motion to strike in the context of its futility analysis.

**A. Tanium's Motion for Leave to Amend**

Rule 15(a)(1) allows a party to amend its answer once as a matter of course within 21 days of serving its original answer. Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend before trial should be "freely give[n] ... when justice so requires." *Id.* Factors relevant to whether leave to amend should be granted are whether the moving party acted in bad faith or unduly delayed in seeking amendment, whether the opposing party would be prejudiced, whether an amendment would be futile, and whether the movant previously amended the pleading. *See, e.g. United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The district court is afforded discretion to grant leave to amend pleadings and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The generosity in granting leave to amend is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003).

---

[2] After Tanium filed a notice of Plaintiff's non-opposition to the motion to amend (Dkt. No. 15), Plaintiff filed a "Notice" indicating that he did not respond because a hearing was not scheduled. (Dkt. No. 16.) Under Civil Local Rule 7-3(a), the time to file an opposition is based on the date the motion is filed, not the hearing date.

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**1. Undue Delay**

First, there is no evidence of undue delay. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding appellants suffered no prejudice when appellee amended its answer because there was no delay in proceedings or required additional discovery). This case is still in its initial pleading stages and Tanium's requested amendments are directly responsive to Plaintiff's motion to strike.

**2. Bad Faith and Prejudice**

Second, there is no evidence of bad faith or prejudice to Plaintiff. *See Owens*, 244 F.3d at 712 (finding no evidence of bad faith because Appellee offered "substantial competent evidence" as to why it delayed in filing a motion to amend). After Plaintiff advised Tanium of his intent to file a Rule 12(f) motion to strike and Rule 11 motion for sanctions if Tanium did not amend its answer, Tanium sought to meet and confer with Plaintiff. (Dkt. No. 13-1 at ¶¶ 5-6.) Tanium proposed the parties stipulate to a mutual extension of time for it to file an amended answer and Plaintiff to file a motion to strike thereafter. (*Id.* at ¶ 6.) Plaintiff declined to so stipulate, and instead, filed the motion to strike. (*Id.*) A week after the motion to strike was filed, Tanium filed the now pending motion for leave to amend its answer seeking leave to plead additional facts in support of its affirmative defenses and to withdraw other affirmative defenses. Because Tanium's motion to amend is directly responsive to Plaintiff's motion to strike and was filed a week after receipt of the motion, there is no evidence of bad faith or prejudice.

**3. Futility**

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). In response to Plaintiff's motion to strike, Tanium reduced its affirmative defenses to eight: (1) statute of limitations; (2) waiver, estoppel, and unclean hands; (3) laches; (4) assumption of risk; (5) failure to mitigate; (6) set off; (7) unjust enrichment; and (8) proximate cause. (Dkt. No. 12-2.) Plaintiff moves to strike each of these affirmative defenses, and his reply brief addresses why the proposed amended version of these affirmative defenses should be stricken.

United States District Court
Northern District of California

"A[n affirmative] defense may be insufficient either as a matter of law or as a matter of pleading." *United States v. Gibson Wine Co*., No. 1:15-CV-1900-AWI-SKO, 2016 WL 1626988, at *4 (E.D. Cal. Apr. 25, 2016) (internal citation omitted). "An affirmative defense is legally insufficient if it lacks merit under any set of facts the defendant might allege." *Id*. (internal citation and quotations marks omitted). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "The 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc*., 779 F.3d 1016, 1019 (9th Cir. 2015) (cleaned up).

**a) Statute of Limitations**

Tanium's first affirmative defense alleges "[s]ome or all of Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to those provided in or relating to California Code of Civil Procedure sections 337, 338, 339, and any other applicable statutes of limitations." (Dkt. No. 12-2 at 51.) In opposing Plaintiff's motion to strike, Tanium contends that Plaintiff "may have learned of facts relating to the value of his stock prior to November 15, 2018, that would have put him on inquiry notice of any discrepancy in the value of the stock as allegedly offered and as actually valued." (Dkt. No. 13 at 7-8.) Tanium maintains that it intends to seek discovery into this matter and that under Rule 8(c)(1) it was required to plead statutes of limitations as an affirmative defense to avoid waiver. This affirmative defense is adequately pled as Tanium has identified the statute of limitations under which its defense arises. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (holding that the affirmative defense that "plaintiff's claims are barred by the applicable statute of limitations" was supported by an attached memorandum making specific reference to the statute of limitations on which the defendant relied.).

**b) Waiver, Estoppel, and Uncleans Hands**

Tanium's second affirmative defense alleges that Plaintiff's actions of accepting an offer of employment which did not include a representation as to the value of the disputed stock, entering into an agreement with Tanium regarding its Equity Incentive Plan, and accepting an offer for a

new position with Tanium on April 18, 2019, waived any claims against Tanium regarding the value of the stock offer and that he should be estopped from bringing such a claim. (Dkt. No. 12-2 at 52.) Tanium also alleges that the doctrine of unclean hands applies given Plaintiff's knowledge of the true value of the stock. (*Id.*) Plaintiff insists that none of these defenses are available for his claim fraud-intentional misrepresentation claim; however, Plaintiff has not cited any authority which so holds. The Court thus cannot say that the defenses fail as a matter of law. *See Gibson Wine Co.*, 2016 WL 1626988, at *4. Nor would amendment be futile as the amended answer provides Plaintiff fair notice of the basis for the affirmative defenses. *Kohler*, 779 F.3d at 1019.

**c) Laches**

Tanium's third affirmative defense alleges that Plaintiff's claim is barred by the doctrine of laches because although Plaintiff learned of the true value of the stock offer in November 2018, he waited nearly two years to resign by which time his stock units were fully vested. (Dkt. No. 12-2 at ECF 52.) Under California law, laches is a defense to equitable, not legal, claims.[4] *See Reid v. City of San Diego*, 24 Cal.App.5th 343, 362 (2018) ("laches does not apply as a defense to causes of action seeking money judgments, even where joined with claims in equity"); *Connolly v. Trabue*, 204 Cal.App.4th 1154, 1164 (2012) ("it is well established, both in California and generally, that laches applies to equitable actions, not actions at law.") Because Plaintiff only seeks damages here and not equitable relief, there is no basis for a laches defense and the proposed amendment would therefore be futile.

**d) Assumption of Risk**

Tanium's fourth affirmative defense alleges that Plaintiff assumed "any and all risks associated with his actions and/or failures to act relating to his decision to accept one employment opportunity without any guarantee of knowing which would have been the most lucrative opportunity over the long term." (Dkt. No. 12-2 at ECF 53.) Tanium's response to Plaintiff's motion to strike suggests that it pled this affirmative defense so as to avoid waiver. (Dkt. No. 13

---

[4] "A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).

United States District Court
Northern District of California

at 11.) It not apparent that this defense fails as a matter of law nor that amendment would be futile as the amended answer provides Plaintiff fair notice of the basis for the affirmative defense of assumption of risk. *Kohler*, 779 F.3d at 1019. Leave to amend to plead this defense is therefore proper.

**e) Failure to Mitigate**

Tanium's fifth affirmative defense alleges that Plaintiff failed to mitigate his damages because although Plaintiff discovered the false representation in November 2018, he "was on notice of the true facts regarding the value of Defendant's stock offer from the moment he accepted employment" and thus Tanium intends to seek discovery to "ascertain the efforts Plaintiff took to search for new employment and the compensation he has earned since his departure from Defendant." (Dkt. No. 12-2 at 53-54.) "Courts routinely permit parties to plead a failure to mitigate defense without specific factual allegations prior to the conclusion of discovery." *See Fabian v. LeMahieu*, No. 4:19-CV-00054-YGR, 2020 WL 3402800, at *5 (N.D. Cal. June 19, 2020) (collecting cases). Tanium's current allegations are sufficient to put Plaintiff on notice of the basis of Tanium's failure to mitigate affirmative defense.

**f) Set-Off**

Tanium's sixth affirmative defense seeks a "set off" for any compensation Plaintiff has received "for any alleged damages by receiving payment from other persons or entities, by way of subsequent employment or otherwise, the amount of any such compensation should be set off against any recovery Plaintiff may receive in this action." (Dkt. No. 12-2 at ECF 54.) The Court cannot say as a matter of law that this defense fails and Tanium's amended answer gives Plaintiff fair notice of the basis for the affirmative defense. *Kohler*, 779 F.3d at 1019.

**g) Unjust Enrichment**

Tanium's seventh affirmative defense alleges that because Plaintiff's recovery is limited to the difference between the value of the stock offer at the allegedly misrepresented price and the actual price, his recovery is limited to $150,000, but his complaint nonetheless seeks damages of over $1 million. While the Court is not persuaded that unjust enrichment is an affirmative defense, to the extent that it is, it is adequately pled to give Plaintiff fair notice of Tanium's theory.

To the extent that Plaintiff contends that he is entitled to reliance damages under, *Lazar v. Superior Ct*., 12 Cal. 4th 631, 637 (1996), that is a question for another day.

**h) Proximate Cause**

Tanium's eighth affirmative defense alleges that "its conduct was not the cause in fact or proximate cause of any of the injuries and/or damages alleged by Plaintiff." (Dkt. No. 12-1 at ECF 55.) To the extent that Tanium is simply denying an essential element of Plaintiff's claim—that Tanium caused him injury—this is not an affirmative defense. *See Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010) ("[a]n affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."). Because Tanium has simply pled a defense as an affirmative defense, leave to amend would be futile as such a claim would be stricken. *See Park v. Kitt*, No. 19-CV-01551 AWI HBK (PC), 2021 WL 1210364, at *5 (E.D. Cal. Mar. 31, 2021) ("A mere defense that is pled as an affirmative defense may be stricken.").

**CONCLUSION**

For the reasons stated above, Tanium's motion for leave to amend its answer is GRANTED except as to its request for leave to amend to plead an affirmative defense of laches, and proximate cause which is not an affirmative defense. Plaintiff's motion to strike is DENIED AS MOOT in light of this Order.

Tanium shall file an amended answer within seven days of the date of this Order.

No further motions to strike the affirmative defenses shall be filed. The Court will discuss the affirmatives defenses with the parties at the initial case management conference on March 17, 2022 at 1:30 p.m. The parties shall file a joint case management conference statement by March 10, 2022.

//

//



United States District Court
Northern District of California

This Order disposes of Docket Nos. 11, 12.

**IT IS SO ORDERED.**

Dated: February 28, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California