UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>TANIUM, INC.,<br><br>    Defendant. | Case No. 21-cv-09703-JSC<br><br>**ORDER RE: MOTION FOR TRIAL BY JURY AND MOTION TO AMEND COMPLAINT**<br><br>Re: Dkt. Nos. 66, 70 |

Daniel Howard filed suit against his former employer, Tanium Inc., alleging Tanium fraudulently induced him to join Tanium as an employee. The Court granted Defendant's motion for summary judgment. (Dkt. No. 48.) The Ninth Circuit reversed and remanded the case. (Dkt. No. 60.) Now pending before the Court are Plaintiff's motion for a jury trial and motion to amend the complaint. (Dkt. Nos. 66, 70.) Having carefully reviewed the parties' briefing, and with the benefit of oral argument on December 12, 2024, the Court GRANTS Plaintiff's motion for a jury trial and DENIES Plaintiff's motion to amend.

## BACKGROUND

In November 2021, Plaintiff, a California licensed attorney, sued Defendant for fraud in the San Mateo County Superior Court. (Dkt. No. 1-2.)[1] Plaintiff alleged Defendant misrepresented the value of its stock to induce Plaintiff to leave his then-employer and work for Defendant. (*Id.* at 5.) Specifically, the hiring manager told Plaintiff "the value of [Defendant] shares on that day was $5/share" when in fact the "shares had a 409(a) value of $2.01 per share." (*Id.*) The form complaint Plaintiff filed did not have a space to elect a trial by jury. (*Id.*)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Defendant removed the case to this Court.  (Dkt. No. 1.)

2        In March 2022, the Court issued a pretrial order including the following deadlines: (1) Deadline to Move to Amend Pleadings: July 1, 2022; (2) Fact Discovery Cut-Off: September 9, 2022; and (3) Deadline for Hearing Dispositive Motions: November 17, 2022.  (Dkt. No. 25 at 1.)  Plaintiff obtained counsel in June 2022.  (Dkt. No. 28.)  In an August 2022 amended pretrial order—issued after the deadline to amend the pleadings—the Court pushed back the deadlines for fact discovery and filing dispositive motions by approximately two months.  (Dkt. No. 32 at 1.)

      In January 2023, Defendant moved for summary judgment, which the Court granted.  (Dkt. No. 48.)  The Ninth Circuit reversed and remanded the case.  (Dkt. No. 61.)

## DISCUSSION

      Pending before the Court are Plaintiff's motions to (1) seek a jury trial and (2) amend the complaint.  The Court addresses them in turn.

### I.   MOTION FOR JURY TRIAL

#### A.   Background

The joint case management statements reflect the parties' shifting positions on the issue of a jury versus a bench trial.  In the March 2022 statement, it was Defendant who requested a trial by jury while Plaintiff, proceeding pro per at the time, requested a bench trial:

> 18. Trial
>
> **Plaintiff's Statement**
>
> Plaintiff requests a bench trial. Plaintiff estimates the trial length will be one day.
>
> **Tanium's Statement**
>
> Tanium requests a jury trial. Tanium estimates the trial length will be five to seven days.

(Dkt. No. 22 at 9.)  Following the case management conference, the Court issued a pretrial order, stating "[t]he Court understands that there may be a dispute regarding whether Defendant properly invoked its right to a jury trial, but that issue has not been presented to the Court and thus the Court does not resolve the issue at this time."  (Dkt. No. 25 at 1-2.)  The pretrial order set jury trial to begin in February 2023.  (*Id.* at 2.)

2

Counsel appeared for Plaintiff in June 2022; prior to that date Plaintiff had been proceeding without attorney representation. In the August 2022 joint case management statement, "[t]he parties request[ed] a bench trial." (Dkt. No. 30 at 8.) But at the case management conference, counsel for Plaintiff clarified the statement misrepresented Plaintiff's position: "The original case management order referred to everything being a jury trial, and Plaintiff would like a jury trial in this case. I know that in the statement I did not indicate that, and I apologize." (Dkt. No. 31.) The Court indicated it understood Plaintiff's position on a jury trial, it had yet to address whether there had been waiver, and it would adjudicate the issue if a dispositive motion was filed and denied. Accordingly, in the pretrial order, the Court set a date for "[j]ury trial or bench trial (depending on whether Plaintiff waived his right to a jury trial)." (Dkt. No. 32 at 1.)

In the November 2022 joint case management statement, the parties reiterated their positions: "Plaintiff requests a jury trial. Defendant requests a bench trial. The Court has scheduled this matter for a jury trial beginning on February 21, 2023 and not to exceed five court days." (Dkt. No. 38 at 9.)

### B. Rule 38(b)

Pursuant to Federal Rule of Civil Procedure 38, a party wishing to assert the right of trial by jury must "serv[e] the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "A party's failure to serve and file the demand in the manner specified in Rule 38(b) constitutes a waiver of the right to a trial by jury." Fed. R. Civ. P. 38(d); *Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 953–54 (9th Cir. 2008).

It is undisputed neither party requested a jury trial before the deadline imposed by Rule 38(b). Plaintiff's complaint, which he filed on November 15, 2021, did not demand a jury trial. (Dkt. No. 1-2.) Defendant answered the complaint on January 5, 2022. (Dkt. No. 9). Under Rule 38(b), then, the deadline to serve a written jury demand was January 19, 2022—14 days after Defendant filed its answer. *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 n.2 (9th Cir. 2001) (concluding the "last pleading" for purposes of Rule 38(b) was the defendants' answer). So, Defendant's March 2022 request for a jury trial and Plaintiff's August

3

1  2022 request were both untimely.

### C. Rule 39(b)

"Despite a party's untimely demand for trial by jury, a district court in its discretion and upon motion may order a jury trial." *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996); *see* Fed. R. Civ. P. 39(b) (when no jury demand is made, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded"). The district court's "discretion is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pac. Fisheries Corp*, 239 F.3d at 1002. "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Id.*

In this case, Plaintiff has shown cause for granting his Rule 39(b) motion. At the time he filed the complaint, "Plaintiff was pro per and was concerned about the appearance of being pro per in front of a jury." (Dkt. No. 67 at 3 n.1.) So, it was not inadvertence or mistake but a strategic decision on Plaintiff's part not to seek a jury trial. And upon obtaining counsel in June 2022, (Dkt. No. 28), Plaintiff requested a jury trial at the first opportunity—during the case management conference in August 2022.

As such, this case is distinguishable from Ninth Circuit cases affirming the denial of a Rule 39(b) motion because the party's untimely request was due to inadvertence, mistake, or neglect. *See, e.g.*, *Russ v. Standard Ins. Co.*, 120 F.3d 988, 989 (9th Cir. 1997) ("The district court could not order a trial by jury under Rule 39(b) because [the plaintiff's] attorney admitted that the reason for the untimely jury demand was inadvertence"); *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996) (the attorney "revealed his oversight and inadvertence by conceding to the district court that he did not even know about Rule 38's" deadline); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir. 1982) (the attorney "mistakenly believed that no demand was necessary"); *Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987 (9th Cir. 1980) ( "the lawyer in charge of the case . . . was swamped with other work when the original complaint was being prepared by a 'young associate'"). Because Plaintiff's failure to timely demand a jury trial did not result from inadvertence of mistake, it is within the court's discretion and consistent with

1  Ninth Circuit precedent to grant Plaintiff's motion for a jury trial.

2  This result is also consistent with the factors other circuits weigh in deciding Rule 39(b)
3  motions. In the Eleventh Circuit, for example, "district courts have broad discretion when
4  considering Rule 39(b) motions and often freely grant such motions after considering" the
5  following factors:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983). While the level of discretion afforded to district courts differs in this circuit, the Eleventh Circuit's factors are instructive here as they all support granting Plaintiff's motion for a jury trial.

First, fraud is a question of fact best tried by a jury. *See Pac. Greyhound Lines v. Zane*, 160 F.2d 731, 736 (9th Cir. 1947) ("[I]t is clear that it was the province of the jury to determine from all of the evidence whether appellees had been tricked by the fraudulent acts and representations of appellant's agents"). Second, granting the motion will not result in scheduling disruptions because the Court had yet to set a trial date when Plaintiff filed his motion. Third, prejudice to Defendant is minimal because Defendant initially requested a jury trial. (Dkt. No. 22 at 9 ("Tanium requests a jury trial.").) Accordingly, while recognizing the dispute regarding whether Defendant properly invoked its right to a jury trial, the Court's first pretrial order scheduled a jury trial to begin in February 2023. (Dkt. No. 25 at 2.) Fourth, shortly after obtaining counsel, Plaintiff requested a jury trial. During the August 2022 case management conference at which Plaintiff's counsel requested a jury trial, the Court stated it would adjudicate the issue if a dispositive motion was filed and denied, so the time that has elapsed since Plaintiff's initial request is not the result of Plaintiff's delay. And finally, as described above, Plaintiff's failure to timely request a jury trial was not due to mistake or inadvertence.

So, the Court GRANTS Plaintiff's request for a jury trial.

## II. MOTION TO AMEND

Also pending before the Court is Plaintiff's motion to amend the complaint "to clarify ambiguities, such as to expressly seek general and punitive damages."[2] (Dkt. No. 66 at 2.) Plaintiff also seeks to amend the complaint to "pray[] for attorney's fees, pursuant to California Code of Civil Procedure, Section 1021.5, as he contends that evidence will show that Tanium engaged in a pattern and practice of misleading potential employees to gain a competitive advantage over other businesses." (*Id.* at 4-5.)

The deadline to amend pleadings has passed. In its March 2022 pretrial order, the Court set July 1, 2022 as the deadline to move to amend the pleadings. (Dkt. No. 25 at 1.) So, rather than "Rule 15(a)'s liberal amendment policy," Federal Rule of Civil Procedure 16 governs Plaintiff's present motion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. *Id.* at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* If the moving "party was not diligent, the inquiry should end." *Id.*

### A. Exemplary/Punitive Damages

According to Plaintiff, "[d]iscovery that occurred after the deadline to file an amended complaint" demonstrates Defendant's "actions warrant exemplary/punitive damages." (Dkt. No. 66 at 3.) Plaintiff argues such evidence demonstrates Defendant "used the sale of preferred shares to communicate the value of common shares to [him], even though it possessed the audited value of common shares when it made the fraudulent representation." (Dkt. No. 71 at 3-4.) But Plaintiff does not identify the specific evidence supporting his punitive damages amendment and why he

---

[2] At the hearing, Plaintiff clarified "general damages" refers to damages for pain and suffering. Plaintiff's prayer for damages is inclusive of damages for pain and suffering, so leave to amend to seek "general damages" is unnecessary.

could not have discovered it earlier.  In the motion, Plaintiff cites the "Declaration of Daniel Howard, submitted to the 9th Circuit Court of Appeal" as the source of the new evidence.  (*Id.*)  But while the declaration states Plaintiff accessed the documents referred to between February and March 2023, the documents themselves are dated December 22, 2015; May 24, 2017; August 15, 2015; and February 19, 2016.  (Dkt. No. 66-4 ¶¶ 1-4.)  That the documents Plaintiff relies on to amend the complaint predate the complaint suggests a lack of diligence on Plaintiff's part.

In reply, Plaintiff adds that evidence supporting his amendment was obtained in "the depositions of Curran and Villalobos, as well as the Declaration of Curran submitted for Summary Judgment." (Dkt. No. 71 at 2.)  Plaintiff again does not identify specific testimony supporting his motion to amend.  Regardless, both depositions occurred approximately two months before Defendant moved for summary judgment.  (Dkt. Nos. 45-10 (deposition of Mike Curran, dated November 3, 2022); 45-11 (deposition of Merissa Villalobos, dated November 4, 2022).)  So, Plaintiff's delay in seeking amendment weighs against a finding of good cause.[3]

Moreover, Plaintiff's insistence "the proposed amendments are not substantially new" undermines any assertion of diligence on his part.  (Dkt. No. 71 at 3.)  As Plaintiff observes, in the joint case management statements filed in March 2022, August 2022, and November 2022, Plaintiff stated "Cal. Civ. Code Sec. 3294 supports exemplary damages." (Dkt. No. 22 at 5; Dkt. No. 30 at 4; Dkt. No. 38 at 5.)  So, Plaintiff contends, Defendant "had notice of the claimed damages." (Dkt. No. 71 at 4.)  In fact, those case management statements suggest in at least March 2022, August 2022, and November 2022, Plaintiff had reason to believe Defendant's conduct warranted exemplary damages yet failed to move to amend his complaint.  Put another way, that the proposed amendments are "not substantially new" suggests Plaintiff could have made them sooner.

The Court is not persuaded by Plaintiff's arguments in support of his motion to amend.

---

[3] According to Plaintiff, "[o]nce the discovery was obtained, Plaintiff notified the Court of his desire to amend, inclusive of a claim for Business and Professions Code, Section 17200.  The Court made no determination at that time but suggested such an amendment would fail." (Dkt. No. 66 at 4.)  Plaintiff does not state when and in what manner this exchange took place.  Regardless, the record is clear Plaintiff did not move to amend his complaint to permit the Court to consider his proposed amendments.

7

1  Plaintiff misstates the legal standard in asserting "Defendant must articulate prejudice to overcome
2  the liberality in allowing amendments." (Dkt. No. 71 at 2.) The "liberality" Plaintiff references is
3  associated with Rule 15, not Rule 16, and under Rule 16, the primary focus is not prejudice to the
4  opposing party but the diligence of the moving party. *See Johnson,* 975 F.2d at 609 (*"*Unlike Rule
5  15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose
6  an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard
7  primarily considers the diligence of the party seeking the amendment."). Similarly, Plaintiff's
8  citations to cases discussing different rules and standards are inapposite. *See, e.g.*, *Consol. Data*
9  *Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983) (discussing the
10 standard for amendment under Federal Rule of Civil Procedure 15(b)); *Mechmetals Corp. v. Telex*
11 *Computer Prods., Inc.*, 709 F.2d 1287, 1293 (9th Cir. 1983) (affirming district court's refusal to
12 enter findings of fact in accordance with its opinion).

### B. Attorneys' Fees

Plaintiff also seeks to amend his complaint to pray for attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, which permits the court to "award attorneys' fees to a successful party . . . in any action which has resulted in the enforcement of an important right affecting the public interest." Cal. Civ. Proc. Code § 1021.5.

As with his request to amend to seek punitive damages, Plaintiff has not identified the specific evidence supporting his motion to amend to seek attorneys' fees. Plaintiff does not state whether he discovered such evidence after the deadline to amend the pleadings and why, despite his diligence, he could not have moved to amend sooner.

Moreover, such amendment would likely be futile. Should Plaintiff prevail, to determine whether section 1021.5 justifies an award of attorneys' fees, the Court would evaluate whether the action "(1) served to vindicate an important public right; (2) conferred a significant benefit on the general public or a large class of persons; and (3) imposed a financial burden on plaintiffs which was out of proportion to their individual stake in the matter." *Baggett v. Gates*, 32 Cal. 3d 128, 142 (1982). While there may be "an important purpose to not being defrauded in compensation" as Plaintiff contends, (Dkt. No. 71 at 6), Plaintiff has not identified a large class of persons who

8

would benefit from a decision in Plaintiff's favor.  Nor has Plaintiff established "the litigation costs exceed the plaintiffs' stake in the outcome." *Keith v. Volpe*, 644 F. Supp. 1317, 1321 (C.D. Cal. 1986), *aff'd*, 858 F.2d 467 (9th Cir. 1988).  Rather, the fact Plaintiff seeks $1,000,000 in damages suggests his incentive to litigate outweighs the costs.  *See LaGrone v. City of Oakland*, 202 Cal. App. 4th 932, 946 (2011) (the purpose of section 1021.5 "is to provide some incentive for the plaintiff who acts as a true private attorney general, prosecuting a lawsuit that enforces an important public right and confers a significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself constitute an adequate incentive to litigate").  In reply, Plaintiff references California Business and Professions Code section 17200 in support of the importance of the public right he seeks to vindicate. (Dkt. No. 71 at 6.)  *See Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1179(2002) ("If a plaintiff prevails in an unfair competition law claim, it may seek attorney fees as a private attorney general pursuant to Code of Civil Procedure section 1021.5.")  But Plaintiff has not brought a section 17200 cause of action.  And, it is unlikely he could do so in this action as the case is going to trial on his legal claims.  *See Guzman v. Polaris Industries, Inc.*, 49 F.4th 1308, 1312-13 (9th Cir. 2022). Together, these facts suggest adding a section 1021.5 prayer for attorneys' fees would be futile.  Regardless, because Plaintiff has not shown good cause to amend the complaint, his motion to amend is DENIED.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion for a jury trial and DENIES Plaintiff's motion to amend his complaint.

This Order disposes of Docket Nos. 66 and 70.

**IT IS SO ORDERED.**

Dated: December 12, 2024

JACQUELINE SCOTT CORLEY
United States District Judge