UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOWARD,<br><br>                    Plaintiff,<br><br>          v.<br><br>TANIUM, INC.,<br><br>                    Defendant. | Case No.  21-cv-09703-JSC<br><br>**PRETRIAL ORDER NO. 3 RE: FURTHER CASE SCHEDULE** |

Following the Motion Hearing held on December 12, 2024, IT IS ORDERED:

**I.     CASE MANAGEMENT SCHEDULE**

| | |
|---|---|
| Expert Witness Disclosures: | February 9, 2025 |
| Rebuttal Expert Witness Disclosures: | March 1, 2025 |
| Expert Discovery Cutoff: | March 15, 2025 |

**II.     TRIAL DATE**

A.     Jury trial will begin on April 14, 2025, at 8:00 a.m., in Courtroom 8, 19th Floor, U.S. District Court, 450 Golden Gate, San Francisco, California.  It will continue on April 15, 2025, April 16, 2025, April 21, 2025 and April 22, 2025 as needed.

B.     The Court is expecting the length of the trial to not exceed five court days.

**IV.     PRETRIAL CONFERENCE**

A Final Pretrial Conference shall be held on April 3, 2025, at 2:00 p.m., in Courtroom 8, 19th Floor. Lead trial counsel for each party shall attend.

A.     At least seven days prior to date of the Final Pretrial Conference the parties shall do the following:

1.     In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer in person, and then prepare and file a jointly signed Proposed Final Pretrial Order

United States District Court
Northern District of California

United States District Court
Northern District of California

1   that contains: (a) a brief description of the substance of claims and defenses which remain to be

2   decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit list in

3   numerical order, including a brief description of the exhibit and Bates numbers, a blank column

4   for when it will be offered into evidence, a blank column for when it may be received into

5   evidence, and a blank column for any limitations on its use; and (e) each party's separate witness

6   list for its case-in-chief witnesses (including those appearing by deposition), including, for all such

7   witnesses (other than party plaintiffs or defendants), a short statement of the substance of his/her

8   testimony and, separately, what, if any, non-cumulative testimony the witness will offer. For each

9   witness, state an hour/minute time estimate for the direct examination (only). Items (d) and (e)

10   should be submitted as appendices to the proposed order. The proposed order should also state

11   which issues, if any, are for the Court to decide, rather than the jury.

12           2.     File a joint set of proposed instructions on substantive issues of law

13   arranged in a logical sequence. If undisputed, an instruction shall be identified as "Stipulated

14   Instruction No. ____ Re _____," with the blanks filled in as appropriate. If disputed, each

15   version of the instruction shall be inserted together, back to back, in their logical place in the

16   overall sequence. Each such disputed instruction shall be identified as, for example, "Disputed

17   Instruction No. ____ Re _____ Offered by _____," with the blanks filled

18   in as appropriate. All disputed versions of the same basic instruction shall bear the same number.

19   Any modifications to a form instruction must be plainly identified. If a party does not have a

20   counter version and simply contends that no such instruction in any version should be given, then

21   that party should so state (and explain why) on a separate page inserted in lieu of an alternate

22   version. With respect to form preliminary instructions, general instructions, or concluding

23   instructions, please simply cite to the numbers of the requested instructions in the current edition

24   of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not

25   include preliminary, general, or concluding instructions in the packet.

26           3.     File a separate memorandum of law in support of each party's disputed

27   instructions, if any, organized by instruction number.

28           4.     File trial briefs on any controlling issues of law.

United States District Court
Northern District of California

1            5.      File proposed verdict forms, joint or separate.

2            6.      File and serve any objections to exhibits.

3            7.      File a joint simplified Statement of the Case to be read to the jury during

4    voir dire as part of the proposed jury instructions. Unless the case is extremely complex, this

5    statement should not exceed one page.

6          B.      Any motions in limine shall be submitted as follows: at least twenty (20) calendar

7    days before the conference, the moving party shall serve, but not file, the opening brief. At least

8    ten (10) calendar days before the conference, the responding party shall serve the opposition.

9    There will be no reply. When the oppositions are received, the moving party should collate the

10    motion and the opposition together, back-to-back, and then file the paired sets at least seven (7)

11    calendar days before the conference. Each motion should be presented in a separate memorandum

12    and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Each

13    party is limited to bringing five motions in limine. The parties are encouraged to stipulate where

14    possible, for example, as to the exclusion of witnesses from the courtroom. Each motion should

15    address a single, separate topic, and contain no more than seven pages of briefing per side.

16          C.      Hard-copy courtesy copies of the above documents shall be delivered by NOON

17    the day after filing. The Joint Proposed Final Pretrial Order, jury instructions, and verdict form

18    shall also be submitted via e-mail as Word attachments to jsc_settlement@cand.uscourts.gov. The

19    Court requests that all hard-copy submissions be three-hole-punched.

20    **V.     PRETRIAL ARRANGEMENTS**

21          A.      Should a daily transcript and/or real-time reporting be desired, the parties shall

22    make arrangements with Kristen Melen, Supervisor of the Court Reporting Services, at

23    (415) 522-2079, at least ten (10) calendar days prior to the trial date.

24          B.      During trial, counsel may wish to use overhead projectors, laser-disk/computer

25    graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all

26    counsel to the maximum extent possible. The Court provides no equipment other than an easel.

27    The United States Marshal requires a court order to allow equipment into the courthouse. For

28    electronic equipment, parties should be prepared to maintain the equipment or have a technician

United States District Court
Northern District of California

1    handy at all times. The parties shall tape extension cords to the carpet for safety. The parties may

2    work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

3                                   **SCHEDULING**

4          Trial will be conducted from 8:00 a.m. to 2:30 or 3:00 p.m., depending on the availability

5    of witnesses, Monday through Friday. Counsel must arrive by 8:00 a.m., or earlier as needed, for

6    any matters to be heard out of the presence of the jury.  The jury will be called at 8:30 a.m.

7                                   **THE JURY**

8          The Jury Office asks prospective jurors to complete an online jury questionnaire in

9    advance of their summons date.  The standard questionnaire is available on the Northern District's

10   website at http://www.cand.uscourts.gov/wp-content/uploads/attorneys/Internet-version_Standard-

11   CAND-Trial_SurveyMonkey_3-2022.pdf.  The parties are allowed to add 10 case specific

12   questions to the questionnaire.  The parties shall meet and confer, and to the extent possible, file a

13   joint list of proposed questions to add to the questionnaire.  To the extent that the parties cannot

14   agree, they may submit separate proposed questions from which the Court will choose 10.  **The**

15   **parties joint or separate submissions are due 21 days before trial.**  The Court will provide the

16   parties with the survey responses the Friday before trial.

17         In civil cases, there are no alternate jurors and the jury is selected as follows: Eighteen to

18   twenty jurors are called to fill the jury box and the row in front of the bar, and are given numbers

19   (1 through 20). The remaining potential jurors will be seated in the public benches. Hardship

20   excuses will usually be considered at this point. Counsel may conduct a limited voir dire.

21   Challenges for cause will then be addressed out of the presence of the potential jurors. The Court

22   will consider whether to fill in the seats of the stricken jurors. If so, questions will be asked of the

23   additional jurors and cause motions as to them will be considered. After a short recess, each side

24   may exercise its allotment of peremptory challenges out of the presence of the potential jurors (the

25   default is three per side). The eight (or such other size as will constitute the jury) surviving the

26   challenge process with the lowest numbers become the final jury. If more (or fewer) than eight

27   jurors are to be seated, then the starting number will be adjusted. So too if more than a total of six

28   peremptories are allowed. Once the jury selection is completed, the jurors' names will be read

                                          4

1    again and they will be seated in the jury box and sworn. The Court may alter this procedure in its

2    discretion and after consultation with the parties.

3                                        **WITNESSES**

4          At the close of each trial day, all counsel shall exchange a list of witnesses for the

5    next two full court days and the exhibits that will be used during direct examination (other than

6    for impeachment of an adverse witness). Within 24 hours of such notice, all other counsel shall

7    provide any objections to such exhibits and shall provide a list of all exhibits to be used with the

8    same witness on cross-examination (other than for impeachment). The first notice shall be

9    exchanged prior to the first day of trial. All such notices shall be provided in writing.

10                                        **EXHIBITS**

11         A.    Prior to the Final Pretrial Conference, counsel must meet and confer in person to

12   consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over

13   the precise exhibit.

14         B.    Use numbers only, not letters, for exhibits, preferably the same numbers as were

15   used in depositions. Blocks of numbers should be assigned to fit the need of the case (e.g.,

16   Plaintiff has 1 to 100, Defendant A has 101 to 200, Defendant B has 201 to 300, etc.). A single

17   exhibit should be marked only once. If the plaintiff has marked an exhibit, then the defendant

18   should not re-mark the exact document with another number. Different versions of the same

19   document, e.g., a copy with additional handwriting, must be treated as different exhibits with

20   different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be

21   marked and referred to as "Trial Exhibit No. _____," not as "Plaintiff's Exhibit" or "Defendant's

22   Exhibit."

23         C.    Exhibits tags:  Exhibits must be labeled in the lower right-hand corner with the

24   exhibit number in a prominent, bold typeface.

25         D.    Counsel must consult with each other and with the deputy clerk at the end of each

26   trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If

27   there are any differences, counsel should bring them promptly to the Court's attention.

28         E.    The parties shall provide the Court with one official set of the record exhibits seven

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1   (7) days before the Pretrial Conference. Each exhibit must be separated with a label divider

2   identifying the exhibit number. Spine labels should indicate the numbers of the exhibits that are in

3   the binders.  At trial, the parties shall provide individual witness exhibit binders which contain all

4   the exhibits the parties expect to use with the witness. The parties shall provide two copies of each

5   witness binder: one for the witness and one for the Court.

6         F.       Before the closing arguments, counsel must confer with the deputy clerk to make

7   sure the exhibits in evidence are in good order.

8         G.       Exhibit notebooks for the jury will not be permitted without prior permission from

9   the Court. Publication must be by poster blow-up, overhead projection, or such other method as is

10   allowed in the circumstances. It is permissible to highlight, circle or underscore in the

11   enlargements as long as it is clear that it was not on the original.

**CHARGING CONFERENCE**

13        As the trial progresses and the evidence is heard, the Court will fashion a comprehensive

14   set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence,

15   the Court will provide a draft final charge to the parties. After a reasonable period for review, one

16   or more charging conferences will be held at which each party may object to any passage, ask for

17   modifications, or ask for additions. Any instruction request must be renewed specifically at the

18   conference or it will be deemed waived, whether or not it was requested prior to trial. If, however,

19   a party still wishes to request an omitted instruction after reviewing the Court's draft, then it must

20   affirmatively re-request it at the charging conference in order to give the Court a fair opportunity

21   to correct any error. Otherwise, as stated, the request will be deemed abandoned or waived.

22        **IT IS SO ORDERED**.

23   Dated:  December 12, 2024

24   _____
     JACQUELINE SCOTT CORLEY
25   United States District Judge

26

27

28

6