UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>TANIUM, INC.,<br><br>    Defendant. | Case No. 21-cv-09703-JSC<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE** |

The Court held a pretrial conference on June 25, 2025. This Order confirms the matters discussed and ruled upon at the conference.

**MOTIONS IN LIMINE**

1\.    Motion in Limine 1 (Dkt. No. 114): GRANTED. As explained at the hearing and in the Order resolving the parties' *Daubert* motions, the probative value of such testimony, if any, is outweighed by a danger of unfair prejudice, confusing the issues, and wasting time.

2.    Motion in Limine 2 (Dkt. No. 115): DENIED. The subsequent tender offers are at least relevant to Tanium's contention that the 409A value is not necessarily the price one would pay for the shares.

3.    Motion in Limine 3 (Dkt. No. 116): DENIED. Plaintiff's prior work history is relevant to his insistence he would have continued working at Fortinet.

**MOTION TO SEAL**

Related to Motion in Limine 2, Plaintiff filed an administrative motion to seal information Tanium designated as confidential. (Dkt. No. 117.) Tanium filed a statement in support of sealing private tender offers made to employees. (Dkt. No. 123.) Consistent with its June 27, 2025 order, the Court DENIES without prejudice the sealing motion. (Dkt. No. 133 at 3 ("Tanium requests

1  sealing . . . prior tender offers, but Tanium does not articulate compelling reasons for sealing
2  offers that are five years old or older.").)  Because Motion in Limine 2 seeks to seal the same
3  information as the *Daubert* motions, the July 3, 2025 deadline for filing a renewed sealing motion
4  applies to Motion in Limine 2, too.

## TRIAL MATTERS

The parties should receive the online jury questionnaires by Wednesday, July 9, 2025.  By July 10, 2025, the Court will identify for the parties any proposed jurors the Court believes should be excused for hardship.  On or before noon on July 11, 2025, the parties shall jointly advise the Court in writing whether each agrees to excuse any jurors the Court has identified and if there are any additional jurors the parties agree to excuse.  The Court will not pre-excuse any jurors without the parties' consent.

Jury selection will commence on Tuesday, July 15, 2025 at around 9:00 a.m.  The parties should arrive by 8:00 a.m. in the event there are matters to discuss.  Eight jurors will be seated with no alternates.  For voir dire, the first 20 jurors will be placed "in the box," and each side will have approximately 15 minutes to orally voir dire the 20.  Each side receives three peremptory challenges.  The Court will advise the venire it anticipates getting the case to them for deliberations by Friday, July 18, 2025.

Once the jury is sworn, there will be a 45-minute lunch break, and then trial will start with opening statements (no longer than 45 minutes each) and Plaintiff's first witness, concluding at around 3:00 p.m.

On Wednesday and Thursday July 16 and 17, 2025, trial will be conducted from 8:30 a.m. to 3:00 p.m.  And on Friday, trial will be conducted as long as necessary.

On each day of trial, counsel must arrive by 8:00 a.m. for matters to be heard outside the presence of the jury.  There will be 15-minute breaks in the morning and afternoon and a 45-minute break for lunch.

Each side is allowed five hours for direct and cross-examination.  A witness both parties intend to call should only be called once.

//

This order disposes of Docket Nos. 114, 115, 116, and 117.

**IT IS SO ORDERED.**

Dated: July 1, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3